IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CERDA INDUSTRIES, INC.**, a Texas corporation, and **SHORMAX, INC.**, A Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**NTS MIKEDON LLC**, a Texas corporation,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, **CERDA INDUSTRIES, INC.**, a Texas corporation ("**CERDA**"), and **SHORMAX, INC.**, a Texas corporation ("**SHORMAX**"), allege as follows:

### NATURE OF THE ACTION

1.  This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (also referred to herein as the "Lanham Act"), the Texas Business & Commerce Code, and the common law of the State of Texas. **CERDA** and **SHORMAX** seek injunctive relief, damages, costs, and attorneys' fees for, false designation of origin and unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a), for violation of §16.29 of the Texas Business and Commerce Code, and for unfair business practices and trademark and trade dress infringement under the common law of the State of Texas.

## JURISDICTION

2.  This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367.

## PARTIES

3.  Plaintiff, **CERDA INDUSTRIES, INC. ("CERDA")**, is a Texas corporation with its principal place of business in Houston, Harris County, Texas, and mailing address of 9116 Lambright Rd., Houston, TX 77075. Plaintiff, **SHORMAX, INC. ("SHORMAX")**, is a Texas corporation with its principal place of business in Houston, Harris County, Texas, and mailing address of 7425 Major Street, Houston, TX 77061.

4.  Defendant, **NTS MIKEDON, LLC ("NTS")**, is a Foreign Limited Liability Company authorized to do business in the state of Texas who has its principal place of business at 15955 W. Hardy Road, Suite 100, Houston, Harris County, Texas 77060. Defendant, **NTS MIKEDON, LLC ("NTS")**, may be served through its registered agent, Ronald W. Chilton at 15955 W. Hardy Road, Suite 100, Houston, Harris County, Texas 77060. Waiver of service is being requested pursuant to FRCP 4(d)(1).

## PERSONAL JURISDICTION / VENUE

5.  This Court has personal jurisdiction over Defendant NTS because it does business in Texas.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to claims of

CERDA and SHORMAX occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and the Defendant resides in this District.

## FACTS

7. Since 1999, CERDA has conducted business as a manufacturer of trench shields and shoring for use in providing passive and active support for walls of excavated areas. CERDA has customers in Houston, Texas, as well in other cities and states. Prior to that, the President of CERDA, Victor Cerda, worked in the trench shield and shoring industry since approximately 1988.

8. CERDA has adapted the use of the color green as a trademark and trade dress for its trench shields and shoring business, including application of the color green on its products and in associated promotions, advertising, and product literature. CERDA has sold trench shields painted with its trademark green color since at least as early as February 28, 2004, and has continuously used the color green as a trademark and trade dress since then, leading relevant consumers to associate the color green on trench shielding and shoring products as a designation that the products originated from CERDA. CERDA's adaptation of green as a trademark and trade dress for its products serves to distinguish CERDA's products from those of other manufacturers. Green is a fanciful and/or arbitrary mark, and CERDA has acquired distinctiveness for its green trademark by its continuous use for numerous products sold to numerous customers.

9. CERDA owns U.S. Trademark Registration Application No. 77238419 for use of the color green as a trademark for trench shoring made of metal and components thereof for use in providing active support for walls of an excavated area, trench shields made of metal and components thereof for use in providing static support for walls of an excavated area, and bedding boxes made of metal for holding bedding for use in excavated areas.

10. Prior to the formation of NTS Mikedon LLC, Mikedon purchased trench shield and/or shoring equipment from CERDA. The Mikedon products were painted red. Since the formation of NTS Mikedon LLC ("NTS"), NTS has purchased trench shielding and/or shoring products from CERDA. NTS has also purchased green paint identical to that used by CERDA, (i.e., "Cerda green,") and has painted green trench shielding and/or shoring equipment that was not manufactured by CERDA, and NTS has offered and continues to offer such infringing products.

11. CERDA's products sold in connection with its green trademark are of the highest quality and are well and favorably known in the Houston metropolitan area, and numerous other cities and states. As a result, CERDA has enjoyed extensive business, earned an excellent reputation, established substantial and favorable good will, and enabled CERDA to make a substantial profit. SHORMAX offers for rent trench shield and shoring equipment, including products manufactured by CERDA, and has approval to use CERDA's green trademark on its rental products and in promotion of the business of SHORMAX subject to maintaining CERDA's standards of quality.

12. In the trench shield and shoring field, particular colors have been adapted by some other manufacturers for use on trench shielding and shoring equipment to identify themselves as the source. CERDA has identified its products by use of the color green as its trademark and trade dress. NTS is aware that CERDA uses green color paint, referred to as "Cerda green," on Cerda's trench shields and shoring equipment because NTS has purchased trench shields and/or shoring from CERDA and even purchased the identical green paint used by CERDA. In fact, the NTS' website, at http://home.ntsafety.com/trench/, states (emphasis added):

> NTS maintains one of the nation's largest rental fleets of trench shields from some of the premier manufacturers including SBH North America, **Cerda Industries** and Efficiency Production. All shields are manufactured to NTS' stringent specifications to withstand the most demanding applications.

13. However, NTS has offered trench shields and other products that are not manufactured by CERDA that have been painted green, thus falsely designating CERDA as the manufacturer and/or falsely indicating that CERDA has consented to the use of its green trademark on the products of others offered by NTS, such as trench shielding. The use of the CERDA green trademark and trade dress on products not manufactured by CERDA also undermines the value of the CERDA green trademark and trade dress on CERDA products offered for rent by SHORMAX.

14. The sale, rental, and offering for sale or rent equipment that was not manufactured by CERDA but using CERDA's green trademark and trade dress improperly trades upon the goodwill of CERDA, while reducing the value

to SHORMAX of use of the CERDA green trademark and trade dress. Trench shields and/or shoring systems generally sell for thousands of dollars each and single product orders are often more than $10,000, so substantial business revenue is lost from the loss of only a single order.

15. The pattern of conduct of defendant demonstrates a conscious intent to unfairly copy CERDA's trademarks and trade dress to the detriment of CERDA and SHORMAX and Defendants' benefit.

16. The Defendants' use of CERDA's trademark on products not manufactured by CERDA has been without the permission, consent, or authorization of CERDA and/or SHORMAX.

17. In addition to the foregoing, NTS has made false allegations and filed a lawsuit against CERDA, SHORMAX and an employee thereof, alleging as its basis that CERDA and SHORMAX have utilized a confidential customer list of NTS provided by the employee and obtained when the employee worked for NTS. Yet, NTS has not specified the identity of any customer or potential customer of CERDA and/or SHORMAX that was either unknown to CERDA and/or was not readily identifiable as a customer to CERDA. The law suit filed by NTS is deliberately calculated to create business uncertainty for and unfairly burden CERDA and SHORMAX with its defense by asking for an injunction that would restrain CERDA and SHORMAX from "soliciting business competitive with NTS from any customer whose name appears on the NTS customer list," even if the customers were previously known to CERDA or readily identifiable as a customer. As such, NTS seeks to interfere with the existing contractual or

potential contractual relations between CERDA, SHORMAX and their customers and potential customers.

## FIRST CLAIM FOR RELIEF

## FEDERAL FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

## 15 U.S.C. § 1125(a)

18. CERDA and SHORMAX repeat and re-allege each of the allegations set forth in ¶¶ 1 through 17 above, as if fully set forth herein.

19. Defendant's use of CERDA's green trademark and trade dress in connection with trench shields and shoring constitutes a use in commerce.

20. Defendants' unauthorized use of CERDA's green trademark and trade dress as set forth is likely to cause confusion, to cause mistake, or to deceive consumers and potential consumers into believing that Defendant's products originate with or are sponsored or approved by CERDA, in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. Defendant's unauthorized use of CERDA's trademark and trade dress has been willful and has been undertaken with knowledge of CERDA's ownership of the green trademark and trade dress.

22. Defendants' unauthorized use of CERDA's trademark and trade dress is likely to confuse, mislead, or deceive the public into believing there is some affiliation, connection, or association between Defendant and CERDA.

23. Defendant's unauthorized use of CERDA's green trademark and trade dress and other conduct complained of has caused and/or is likely to cause CERDA and SHORMAX to suffer financial harm, which cannot be

accurately calculated at this time. In addition, Defendant's unlawful acts have caused or are likely to cause irreparable injury and harm to CERDA and SHORMAX and to CERDA's goodwill and reputation in its trademark and trade dress, and will continue to cause such irreparable injury and harm unless Defendant is restrained by this Court from further violating CERDA's rights, since CERDA has no adequate remedy at law. CERDA respectfully seeks recovery under 15 U.S.C. § 1117 for violation of 15 U.S.C. §1125(a), including defendant's profits, damages sustained by CERDA and SHORMAX, and costs of the action. Pursuant to 15 U.S.C. § 1117(a), CERDA respectfully seeks damages up to three times the amount found as actual damages, and submits that the facts set forth herein and as proven make the case exceptional entitling CERDA to reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF TEX. BUS. & COM. CODE § 16.29

24.    CERDA repeats and re-alleges each of the allegations set forth in ¶¶ 1 through 23 above, as if fully set forth herein.

25.    Defendant has violated the provisions of TEX. BUS. & COM. CODE § 16.29 by some or all of the following actions:

    a.    Manufacturing, offering for sale, selling and/or renting trench shield and/or shoring using the CERDA green trademark and trade dress; and

    b.    Making false allegations in a law suit that CERDA has used customer lists of Defendant impugning the integrity, honor and reputation of CERDA, SHORMAX and employees thereof, and forcing CERDA and

SHORMAX to expend time, employee resources and money to defend itself from a baseless suit.

26. Such acts, unless enjoined by this Court, have injured and are likely to further injure the business reputation of CERDA and dilute the distinctive quality of the CERDA trademark valid at common law and the subject of a US Trademark Registration Application.

27. CERDA is entitled to a permanent injunction issued from this Court enjoining the Defendants from using green on products that both CERDA and Defendant manufacture, offer for sale and/or rent. In the absence of an injunction, which CERDA is entitled to under statute and otherwise, CERDA will suffer irreparable harm from the wrongful acts of the Defendants, including but not limited to disruption of business, costs and delay. CERDA and SHORMAX respectfully request reasonable restraints on Defendant' from maintaining and/or filing further suits against CERDA and/or SHORMAX, and their employees and agents, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF

### TEXAS COMMON LAW UNFAIR COMPETITION

28. CERDA repeats and re-alleges each of the allegations set forth in Paragraphs 1 through 27 above, as if fully set forth herein.

29. Defendant has "passed off" trench shields and shoring not manufactured by CERDA as being associated with CERDA by using CERDA's green trademark and trade dress, all without the permission or consent of CERDA, falsely implying a relationship or association with CERDA.

30. Defendant has also filed an improper lawsuit against CERDA, SHORMAX and an employee thereof, falsely alleging that CERDA and/or SHORMAX have relied upon confidential customer information of Defendant, yet have provided no such list and seek such an injunction even if the customers on the alleged list were previously known to CERDA or readily identifiable as a customer.

31. Defendant's actions have been undertaken intentionally to obtain an unfair advantage over CERDA and SHORMAX and in disregard of the rights of CERDA and SHORMAX. In addition, Defendant's acts have been malicious, oppressive, and/or fraudulent.

32. Defendant's unlawful conduct is harming the public and constitutes unfair competition under the common law of the State of Texas, and CERDA and SHORMAX are entitled to appropriate relief set forth in the prayer below.

## FOURTH CLAIM FOR RELIEF

## TEXAS COMMON LAW TRADEMARK INFRINGEMENT

33. CERDA repeats and re-alleges each of the allegations set forth in Paragraphs 1 through 32 above, as if fully set forth herein.

34. Defendant has willfully infringed the common law green color trademark of CERDA in connection with the making, sale, and/or offering for sale of trench shields and/or shoring products.

35. An adequate remedy at law is not sufficient to make Plaintiff whole and hence injunctive relief and damages are respectfully sought as set forth in the prayer below.

## PRAYER FOR RELIEF

WHEREFORE, CERDA and SHORMAX pray for a judgment against Defendant for:

1. preliminary and permanent injunctive relief enjoining Defendant its officers, directors, agents, employees, representatives, and all persons acting in concert with Defendant:

   a. from manufacturing, selling, renting, or offering for sale or rent in the State of Texas and elsewhere trench shield and shoring products and bedding boxes using the color green thereon or in advertisements, product literature, or otherwise;

   b. to deliver to an officer of this COURT, to CERDA, OR DESTROY all items in their possession or control bearing the green trademark or trade dress; and

   c. to cease and desist from alleging that CERDA, SHORMAX and employee and agents thereof have improperly used and/or have any trade secret information of NTS.

2. Defendant to account for and pay to CERDA all the profits realized by Defendants from the acts complained of, damages sustained by CERDA and SHORMAX, and costs of the action, and that actual damages found be trebled pursuant to 15 U.S.C. §1117, including award of reasonable attorney fee to CERDA and SHORMAX due to the exceptional and intentional nature of Defendant's actions;

3. Defendant to pay or provide to CERDA and/or SHORMAX additional relief as the Court deems just, equitable, and proper.

Respectfully submitted,

*[signature]*

Barry Heslop
Texas State Bar No. 00784265
Southern District of Texas Bar No. 17600
1111 Heights Boulevard
Houston, TX 77008
Telephone: 713.426.0777
Facsimile: 713.426.0707
bchcourt@hesloplaw.com
Attorney-in-charge for Plaintiffs

OF COUNSEL:
Daniel B. Schein
SCHEIN & CAI LLP
California State Bar No. 196,595
100 Century Center Court, Suite 315
San Jose, CA 95112
757-965-5218
757-965-6775
dan@shineoffice.com
*pro hac vice to be submitted*
**Attorneys of Record for Plaintiffs,
CERDA INDUSTRIES, INC.
SHORMAX, INC.**