IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| CERDA INDUSTRIES, INC, A TEXAS CORPORATION AND SHORMAX, INC. A TEXAS CORPORATION, | § § § § | |
| PLAINTIFFS, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:08-CV-01127 (JURY DEMANDED) |
| NTS MIKEDON, L.L.C. | § § | |
| DEFENDANT | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

NTS Mikedon, L.L.C. ("NTS") answers and responds to the First Amended Complaint of Cerda Industries, Inc. and Shormax, Inc. (the "Complaint") and respectfully show:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiffs plead no valid trademark that can be protected.

### THIRD DEFENSE

The alleged "trademark" lacks any distinctiveness.

### FOURTH DEFENSE

The alleged 'trademark" has been previously used.

### FIFTH DEFENSE

The Plaintiffs are guilty of Laches.

## Sixth Defense

The Plaintiffs have unclean hands.

## Specific Admissions and Denials

NTS responds to the Plaintiffs' allegations by correspondingly numbered paragraphs as follows:

1. This paragraph is merely a statement of legal and factual conclusions. To the extent any facts are alleged, NTS denies them.

2. NTS admits that Plaintiffs claim federal jurisdiction and supplemental jurisdiction.

3. NTS admits the allegations of this paragraph.

4. NTS admits the allegations of this paragraph.

5. NTS admits it does business in Texas.

6. Since NTS denies that any actionable events or omissions have occurred, NTS denies the allegations of this paragraph.

7. NTS has insufficient information to either admit or deny the allegations of this paragraph.

8. NTS denies the allegations of this paragraph.

9. NTS cannot neither admit nor deny Plaintiffs' claim to a federal trademark application. NTS denies that any valid trademark can be issued for the "trademark" Plaintiffs describe in this paragraph.

10 NTS admits that in the past, it purchased equipment from Plaintiff Cerda Industries, Inc. ("Cerda"). The remainder of the allegations in the paragraph are denied.

11. The allegations of this paragraph are denied.

12. NTS admits that the quote has appeared on its web site. The remainder of this paragraph are denied.

13. The allegations of this paragraph are denied.

14. The allegations of this paragraph are denied.

15. The allegations of this paragraph are denied.

16. The allegations of this paragraph are denied.

17. No response required.

18. The allegations of this paragraph are denied.

19. The allegations of this paragraph are denied.

20. The allegations of this paragraph are denied.

21. The allegations of this paragraph are denied.

22. The allegations of this paragraph are denied.

23. No response required.

24. The allegations of this paragraph are denied.

25. The allegations of this paragraph are denied.

26. The allegations of this paragraph are denied.

27. No response required.

28. The allegations of this paragraph are denied.

29. The allegations of this paragraph are denied.

30. The allegations of this paragraph are denied.

31. No response required.

32. The allegations of this paragraph are denied.

33. The allegations of this paragraph are denied.

Wherefore, NTS respectfully prays that all claims against it be dismissed, that it have such other and further relief as to which it may show itself justly entitled, including attorney fees and costs.

Respectfully submitted,

*Eugene B. Wilshire*
Eugene B. Wilshire
SBN 21665500
3000 One Houston Center
Houston, Texas 77010
(713) 651-1221
(713) 651-0020 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT NTS MIDEDON L.L.C.

Of Counsel:

Wilshire Scott & Dyer, P.C.

## Certificate of Service

The undersigned certifies that a true copy of the foregoing has been served this 6th day of June, 2008 by facsimile transmission, as follows:

Barry Heslop, Esq.
1111 Heights Boulevard
Houston, Texas 77008
713-426-0707

*Eugene B. Wilshire*
Eugene B. Wilshire